**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

In re:                                                                              Case No. 24-11760 (PB)

DJAHIDA CHALEK,                                                      Chapter 7

                Debtor.

---------------------------------------------------------------X

APPEARANCES:

| | |
|---|---|
| For the Debtor: | Djahida Chalek |
| | *Pro Se* |
| | 1600 Broadway |
| | Unit PH3D |
| | New York, NY 10019 |
| For the Trustee: | Geron Legal Advisors LLC |
| | By: YANN GERON, ESQ. |
| | 370 Lexington Avenue, Suite 1208 |
| | New York, NY 10017 |
| | (646) 560-3224 |
| For Meghila LLC: | Law Office of Robert Nadel |
| | By: ROBERT NADEL, ESQ. |
| | 68 South Service Road, Suite 100 |
| | Melville, NY 11747 |
| | (631) 742-3435 |

## DECISION ON MOTION FOR RELIEF FROM STAY AND RELATED MOTIONS

Hon. Philip Bentley
United States Bankruptcy Judge

      Before the Court are several related matters: (1) a motion by Meghila LLC (the "Movant" or "Landlord") seeking relief from the automatic stay pursuant to Bankruptcy Code §§ 362(d)(1) and (d)(2), as well as related relief (the "Motion"); and (2) multiple pleadings filed by the Debtor

1

after the Court's December 19, 2024 bench ruling on the Motion, which in substance seek reconsideration of the Court's ruling and recusal on the ground of bias.[1]

For the reasons explained below, the Court grants the Landlord's request for relief from the automatic stay under section 362(d)(1) and denies the other relief requested in the Motion. The Court denies the Debtor's requests for reconsideration and recusal.

## Factual Background

The Debtor filed this chapter 7 case, *pro se*, on October 9, 2024. The bankruptcy is the sixth chapter 7 case filed by members of the Chalek family in an apparent attempt to forestall their eviction from a penthouse condominium unit located at 1600 Broadway in Manhattan (the "Penthouse Condo" or "Property").

The Landlord and Myriam Chalek, the Debtor's daughter, entered into a lease for the Penthouse Condo on May 9, 2020. Though the apartment commanded a monthly rent of $8,000, the Chaleks have made not a single payment since an initial $8,000 security deposit. The Landlord has continued paying property taxes and utilities on the Property during this period, without any contribution from the occupants. The total amount owed now exceeds $450,000.

In September 2021, after more than a year of non-payment, the Landlord commenced an action (the "Eviction Action") against Myriam Chalek in New York State Supreme Court. *Meghila LLC v. Chalek*, No. 158373/2021 (N.Y. Sup. Ct.). The Debtor and Myriam Chalek's husband, Carzell Benton, were subsequently added as defendants due to their occupancy of the Property. On August 3, 2023, the State Court issued a default judgment in the Eviction Action and awarded the Landlord possession of the Property and a money judgment in the amount of $199,463.64.

---

[1] This decision formalizes and expands upon the Court's December 19, 2024 bench ruling and also addresses the Debtor's post-hearing filings. Because of this decision's origins as a bench ruling, it has fewer citations and footnotes, and a more conversational tone, than a memorandum decision.

2

The Chaleks then embarked on a series of chapter 7 bankruptcy filings, each one an apparent tactic to delay their eviction from the Penthouse Condo, rather than a good faith attempt to obtain a bankruptcy discharge. Each time the Landlord attempted to enforce its rights through eviction proceedings, one or more members of the Chalek family filed a new chapter 7 case:

1. On November 16, 2023, Myriam Chalek and Carzell Benton filed a joint chapter 7 petition in the Eastern District of New York (Case No. 23-44193). That case was dismissed by Judge Mazer-Marino on January 3, 2024, after the debtors failed to file required schedules and other documents.

2. On January 16, 2024, Myriam Chalek filed a chapter 7 petition in the Southern District of New York (Case No. 24-10066). That case was dismissed by Judge Wiles on March 28, 2024, on motion of the chapter 7 trustee, due to the debtor's failure to file schedules or attend the section 341 meeting.

3. On April 8, 2024, Myriam Chalek filed another chapter 7 petition in the Southern District of New York (Case No. 24-10593). On May 1, 2024, following a hearing at which Ms. Chalek failed to appear, this Court entered an order confirming the absence of the automatic stay due to Ms. Chalek's prior bankruptcy filings. On May 17, 2024, the Court denied the debtor's motion to reinstate the stay.

4. On May 10, 2024, Carzell Benton filed a chapter 7 petition in the Southern District of New York (Case No. 24-10834).[2] Judge Jones dismissed that case on August 1, 2024, citing the debtor's failure to file required schedules and other documents.

5. On August 9, 2024, Carzell Benton filed another chapter 7 petition in the Southern District of New York (Case No. 24-11383). On September 24, 2024, Judge Mastando

---

[2] Mr. Benton spelled his name "Cazell Benton" in this case and "Carzell Benton" in his other cases.

3

entered an order confirming the absence of an automatic stay due to Mr. Benton's repeated bankruptcy filings. The court also found, "It appears as though the Debtor [Mr. Benton] and [Myriam] Chalek are working together to delay and hinder creditors' collection activities through multiple bankruptcy filings without an honest intent to reorganize." *In re Benton*, 662 B.R. 517, 523 (Bankr. S.D.N.Y. 2024).

6. Finally, on October 9, 2024, Djahida Chalek filed this chapter 7 case.

Like the five prior cases, this case appears to have been filed solely to frustrate the Landlord's eviction efforts. The Debtor filed a skeletal petition, accompanied by a blank page listing three creditors. She did not file Schedules A/B, C, D, E/F, G, H, I or J, or a Statement of Financial Affairs, a Statement of Intention, a Means Test, or a Verification of Matrix. Nor did she provide documents requested by the chapter 7 trustee, attend a section 341 meeting, or otherwise comply with the obligations of a chapter 7 debtor.

## Procedural Background

The Landlord filed its lift-stay motion on November 26, 2024. The Debtor, acting *pro se*, filed multiple opposition papers raising a variety of defenses, many of them having little or no relevance to the motion.[3] A hearing on the Motion was held on December 19, 2024, after the Court denied an adjournment request filed by the Debtor earlier that day.

At the outset of the December 19 hearing, the Debtor claimed she did not speak English and needed the assistance of a translator fluent in both French and Algerian dialect. Considering the Chaleks' history of delay, the Court determined that it was appropriate to proceed with the

---

[3] The opposition papers are: *Proactive Affidavit of Facts Anticipating And Objecting To Any Potential Notice of Motion For Relief From The Automatic Stay*, ECF No. 23; *Objection To Motion For Relief From The Automatic Stay Pursuant To 11 U.S.C. §362(d)(1) And (d)(2) With In Rem Relief Per 11 U.S.C. §105 and/or With Prejudice Against Refiling or in The Alternative Confirming The Lack Of An Automatic Stay Herein Per 11 U.S.C. 362(l)*, ECF No. 25; *Affidavit In Support To Dismiss Opposing Party's Motion For Lack of Standing, etc.*, ECF No. 27; *Affidavit in Support For Continuance*, ECF No. 29.

4

hearing and to dispense with oral argument. (Neither party had requested an evidentiary hearing, nor were there any disputed facts.) The Court read into the record its bench ruling on the Motion, which granted the Landlord's motion in part and denied it in part (as discussed below). Following the hearing, the Debtor filed a series of pleadings seeking recusal and alleging that the Court had committed multiple errors at the December 19 hearing and was guilty of bias.[4]

## Discussion

### The Lift-Stay Motion

**1. Cause Exists to Grant Stay Relief Under Section 362(d)(1)**

Section 362(d)(1) provides that the Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). Bad faith in filing for bankruptcy constitutes "cause" warranting stay relief. *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1310 (2d Cir. 1997).

The Court finds ample evidence of bad faith in this case. Although this is the Debtor's first bankruptcy filing, it follows five prior cases filed by members of her family between November 2023 and August 2024, each commenced on the eve of eviction. In each of those cases, the debtor filed a skeletal petition and failed to file required schedules or otherwise meaningfully participate in the bankruptcy process. As a result, three of these cases were dismissed for failure to comply with basic chapter 7 requirements, and in the other two cases, the court entered orders confirming that the automatic stay did not apply. The pattern is clear: Each time eviction has become

---

[4] The Debtor's post-hearing filings are: *Motion for Recusal*, ECF No. 30; *Emergency Motion for Temporary Restraining Order*, ECF No. 31; *Affidavit of Facts In Support of Motion for Recusal*, ECF No. 32; *Notice of Intent to File Proactive Objection and Stay All Proceedings Pending Motion For Recusal*, ECF No. 33; *Notice of Language Preference and Use of Translation Tools*, ECF No. 34; *Affidavit Regarding The Alleged Debtor's Compliance With Court Requirements And Request To Compel Response For Determination*, ECF No. 38.

imminent, a family member has filed for bankruptcy protection and then failed to comply with his or her obligations as a chapter 7 debtor.

The Debtor's filing continued this pattern. She filed under chapter 7, apparently as a last resort to forestall eviction, after orders were entered first in her daughter's bankruptcy and then in her son-in-law's case confirming that the stay did not apply due to their prior filings. She then failed utterly to comply with her obligations as a chapter 7 debtor. This pattern of deliberate abuse—using chapter 7 not for its intended purpose (obtaining a discharge), but simply to delay eviction—constitutes bad faith, which is cause for relief from the automatic stay under section 362(d)(1).[5]

### 2. Relief Under Section 362(b)(22) is Not Available

The Landlord requests an order that the automatic stay does not apply pursuant to section 362(b)(22)—a provision that, together with section 362(l), sets forth special automatic stay rules that apply when a pre-petition eviction judgment has been entered against a debtor who is a tenant under a lease or rental agreement. This section is inapplicable here, because the Debtor was not a signatory to the lease. *See In re Benton*, No. 24-10834, 2024 WL 3285901 (Bankr. S.D.N.Y. Jul. 2, 2024), where in a carefully reasoned decision, Judge Garrity held that section 362(b)(22) applies only to lease signatories, not to other occupants of leased premises.

### 3. *In Rem* Relief is Not Available

The Landlord requests *in rem* relief—that is, an order, pursuant to Bankruptcy Code § 105(a), preventing the automatic stay from taking effect as to the Property in any bankruptcy case filed by the Debtor within the next 18 months. However, the Code section that addresses the availability of *in rem* relief, section 362(d)(4), expressly grants such relief only to secured

---

[5] Having found cause to lift the stay under this provision, the Court need not address whether stay relief is also warranted under section 362(d)(2).

creditors. Movant is not a secured creditor; it is the Debtor's landlord. As the Supreme Court has repeatedly emphasized, most recently in *Harrington v. Purdue Pharma*, 144 S. Ct. 2071, 2082 n.2 (2024), Code § 105(a) does not authorize the bankruptcy courts to grant relief inconsistent with the text of other, more specific Code sections. The Court does not believe it has the power to use section 105(a) to grant *in rem* relief to a landlord when Congress chose to make this relief available only to secured creditors. *Cf. In re Benton*, 662 B.R. at 522-23 (declining to grant *in rem* relief to Landlord and noting that section 105(a) may not authorize such relief).

### 4. Relief "With Prejudice" is Not Available

Finally, the Landlord requests that stay relief be granted "with prejudice against refiling." However, the Landlord has not articulated any legal basis for the Court to grant such relief in connection with a motion to lift the stay. The Second Circuit has held that, under Code §§ 105(a) and 349(a), the court has discretion to include "with prejudice" provisions in an order dismissing a bankruptcy case, *see In re Casse*, 198 F.3d 327 (2d Cir. 1999), but the Court is aware of no authority supporting the inclusion of such provisions in a lift-stay order. The Court therefore declines to grant such relief.

### The Debtor's Post-Hearing Filings

The Debtor's post-hearing filings, while styled primarily as seeking recusal, challenge both the procedural fairness of the December 19, 2024 hearing and the merits of the Court's bench ruling. Although these submissions do not formally request reconsideration of that ruling, it appears that is the relief the Debtor seeks. In light of the Debtor's *pro se* status, the Court will treat the Debtor's filings as seeking not just recusal but also reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 9023. The Debtor has shown no basis for relief of either sort.

7

**1. The Debtor has shown no basis for recusal**

The Debtor alleges that the Court's handling of the December 19 hearing—specifically, the Court's failure to provide the Debtor with a translator fluent in both French and Algerian dialect, as well as the Court's decision to proceed with the hearing despite the Debtor's purported inability to participate—prejudiced her and evidenced judicial bias. The Judicial Code requires a judge to recuse himself when his "impartiality might reasonably be questioned." *See* 28 U.S.C. § 455(a). The standard is an objective one, focusing on whether "an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

The Debtor's allegations do not show bias, or error of any sort, by the Court. The Debtor objects to the Court's failure to provide a translator fluent in French and Algerian dialect, but these are not services the Court generally provides to private parties, nor is the Court required to provide such services.[6] Moreover, the Debtor did not inform the Court of her purported need for such services in connection with the Landlord's motion at any time prior to the hearing on that motion, and the Debtor's need for such assistance was in no way apparent, as all the papers the Debtor filed were in fluent English.[7] In any event, the Debtor's alleged need for a translator had no effect

---

[6] The Court Interpreters Act requires courts to provide interpreters only in "judicial proceedings instituted by the United States." 28 U.S.C. § 1827(d)(1). As explained in *In re Singh*, 568 B.R. 187 (E.D.N.Y. 2017), this requirement does not extend to private bankruptcy proceedings. While parties may arrange for their own interpreters in this Court, there is no obligation for the Court itself to provide translation services in a chapter 7 proceeding initiated by a private party. *See Singh*, 568 B.R. at 193 n.2.

[7] Before the Landlord filed its lift-stay motion, the Debtor had filed a motion to stay eviction, accompanied by an affidavit that did request an interpreter fluent in French and Algerian dialect. *See Motion to Stay Eviction until I have had sufficient time to prepare my defense and secure new counsel, Extend Time To Obtain Legal Representation, Extend Time to File Schedules, Request for a Translator Fluent in Algerian Dialect and French, etc.,*. ECF No. 17; *Affidavit Clarifying Payments Made Under Extreme Stress, etc.*, ECF No. 20. However, the Debtor never requested a hearing on that motion, and it therefore was not properly before the Court; as a result, the Court had no occasion to, and did not, read those motion papers. In contrast, in the papers the Debtor filed in opposition to the Landlord's motion prior to the December 19 hearing, the Debtor made no mention of any need for a translator or interpreter.

8

on the proceedings: When the Debtor requested a translator at the outset of the December 19 hearing, the Court determined, for the reasons discussed below, that argument on the motion was not needed and proceeded to issue its bench ruling, thereby obviating any need for a translator.

The Debtor's contention that she was denied the opportunity to be heard at the December 19 hearing is unfounded. In the first place, the claim rests on a misunderstanding of the nature of initial hearings in contested bankruptcy matters. Under Local Rule 9014-2 of this Court, the first scheduled hearing in most contested matters (subject to a few exceptions not applicable here) is non-evidentiary unless the Court has given the parties prior notice to the contrary. "[W]here the parties do not request an evidentiary hearing or the core facts are not disputed, the bankruptcy court is authorized to determine contested matters … on the pleadings and arguments of the parties, drawing necessary inferences from the record." *In re AMR Corp.*, 490 B.R. 470, 479 (S.D.N.Y. 2013) (*quoting In re Gonzalez–Ruiz*, 341 B.R. 371, 381 (1st Cir. BAP 2006)). In this case, neither party had requested an evidentiary hearing, and the core facts on which the motion rested were not disputed. The Court therefore concluded that it was appropriate to rule based on the parties' motion papers, without an evidentiary hearing. The Court further concluded that, in light of the failure of the Debtor's pleadings to present any colorable basis to deny the Motion, it was appropriate to rule without oral argument—particularly since doing otherwise would have required an adjournment to allow the Debtor to obtain a translator, and her asserted need for a translator appeared to be more tactical than real.[8]

These rulings were proper, and they provide no support for the Debtor's claim of bias.

---

[8] As noted above, the Debtor had requested an adjournment of the December 19 hearing on other grounds earlier that day, and the Court had denied that request, finding it to lack any valid basis. Moreover, adjournment requests and other delay tactics appeared to be part of the Chalek playbook. Myriam Chalek and Carzell Benton had on multiple occasions requested adjournments, failed to appear at hearings, or appeared by Zoom but claimed to be unable to participate due to technical difficulties.

9

**2. The Debtor has shown no basis for reconsideration**

A motion for reconsideration must meet a strict standard. Such relief is warranted only where the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (*quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

The Debtor has not met this standard. She has identified no change in controlling law and no new evidence. And the challenges she raises to the conduct of the proceedings and to the substance of the Court's December 19 bench ruling do not show error, let alone "clear error" or "manifest injustice."

As just discussed, the procedural issues the Debtor raises lack merit. Beyond that, her main substantive challenge to the Court's ruling is that the Landlord, Meghila LLC, lacked standing to seek stay relief, because it supposedly is not a party to the lease for the Property. But this is factually unfounded. While the first page of the lease lists two other parties (Kumar and Indra Cidambi) as the landlord, the rider to the lease lists Meghila LLC as the landlord and explicitly states that the rider's terms govern in the event of any conflict. The Debtor's challenge to the Landlord's standing therefore lacks any basis.

### Conclusion

For the foregoing reasons, (i) the automatic stay is lifted pursuant to Bankruptcy Code § 362(d)(1) to permit the Landlord to exercise its state law rights with respect to the Property; (ii) the Landlord's requests for relief under Code § 362(b)(22), *in rem* relief and relief with prejudice are denied; and (iii) the Debtor's requests for recusal and for reconsideration of the Court's December 19, 2024 bench ruling are denied. The Court will enter an order to this effect.

Dated: January 29, 2025
New York, New York

                                                        /s/ Philip Bentley
                                                        **Hon. Philip Bentley**
                                                        **United States Bankruptcy Judge**